Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Friday, August 04, 2006 4:45:36 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BERNARD HALL, SR., | )  CASE NO. 5:05-bk-06746 |
| | ) |
| Debtor. | ) |

## MEMORANDUM OPINION

This case comes before the court on the renewed motion of Bernard Hall, Sr. (the "Debtor"), to excuse himself from the requirement of 11 U.S.C. § 727(a)(11) that he complete an instructional course concerning personal financial management before being entitled to a Chapter 7 discharge.

For the reasons stated herein, the court will grant the motion.

## I. BACKGROUND

The Debtor is 81 years old, physically limited, hearing impaired, and suffers from serious health issues, including prostrate cancer, which limits the Debtor's ability to ambulate to a scooter. When the Debtor contacted his counsel to file his October 18, 2005 Chapter 7 bankruptcy, his counsel assisted him in an attempt to obtain the pre-petition, non-profit, budget and credit counseling services required by 11 U.S.C. § 109(h)(1). Counsel relates that such sessions generally last one-hour, but the Debtor's lasted three hours, with the Debtor still not understanding what had transpired and his credit counselor giving up in frustration. Counsel also relates that the Debtor has limited mental capacity, and that the Debtor simply stated at his credit counseling session that he "would be dead before [he] could get another credit card." Despite the difficulties that the Debtor had in completing and understanding the pre-petition credit counseling, he did obtain the required certificate.

On May 18, 2006, the Debtor filed his first motion to excuse himself from the instructional course concerning personal financial management. The court held a hearing on the motion on June 13, 2006, at

1

which the Debtor appeared in person. At that time, the court's observation of the Debtor confirmed his counsel's representation concerning his physical and mental condition; however, the court denied the motion without prejudice and instructed the Debtor to attempt the required instructional course before filing a second motion with the court.

## II. DISCUSSION

The Debtor filed this renewed motion to excuse himself from the instructional course concerning personal financial management on July 26, 2006, representing to the court that he attempted to complete the course but was unable to do so due to his physical and mental condition.

Section 727(a)(11) of the Bankruptcy Code provides: "The court shall grant the debtor a discharge, unless . . . (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111, except that this paragraph shall not apply with respect to a debtor who is a person described in section 109(h)(4)." 11 U.S.C. § 727(a)(11). In turn, § 109(h)(4) exempts a debtor from compliance under limited circumstances:

> The requirements of [§ 727(a)(11)] shall not apply with respect to a debtor whom the court determines, after notice and a hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and 'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing . . . .

§ 109(h)(4).

The purpose of the exemption is to avoid "the absurd situation in which a debtor would be required to obtain a briefing even if suffering from Alzheimer's disease or some other disability that would make the briefing meaningless or even impossible." 2 *Collier on Bankruptcy* ¶ 109.09[4] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2006). As outlined by Judge Brooks in regard to a "disability" exemption from the pre-petition, non-profit, budget and credit counseling services of § 109(h)(1), a debtor generally must demonstrate three elements to be entitled to an exemption: "(1) the debtor is severely physically impaired; (2) the debtor has made a reasonable effort, despite the impairment, to participate in the prepetition credit counseling; and (3) the debtor is unable, because of the impairment, to participate

2

meaningfully in an in person, telephone, or Internet briefing prepetition." *In re Tulper*, No. 06-11542, 2006 Bankr. LEXIS 1093 at *11 (Bankr. D. Colo. May 22, 2006). This court finds Judge Brooks's synopsis of the § 109(h)(4) requirements meritorious and equally applicable to obtaining a "disability" waiver of the requirement that a debtor complete an instructional course concerning personal financial management. An instructional course concerning personal financial management, however, is different from the requirement of pre-petition, non-profit, budget and credit counseling services because the instructional course must occur post-petition and, by Rule, is to be completed within 45 days of the date first set for the meeting of creditors. Fed. R. Bankr. P. 1007(b)(7), (c); *In re Johnson*, No. 06-40028, 2006 Bankr. LEXIS 1232 at *1-2 (Bankr. N.D. Fla. May 12, 2006) ("[T]he financial management course the Debtors certify they completed [pre-petition] . . . does not satisfy the requirement that the Debtors complete a post-petition financial management course."). Therefore, in the context of obtaining a waiver of the instructional course concerning personal financial management on the basis of a "disability," the court would recast Judge Brooks's factors as follows:

> (1) the debtor is severely physically impaired;
> (2) the debtor has made a reasonable effort, despite the impairment, to participate in the instructional course concerning personal financial management; and
> (3) the debtor is unable, because of the impairment, to meaningfully participate in the required instructional course in an in person, telephone, or Internet briefing.

In proving the above factors, the court notes that whether or not a debtor suffers from a severe physical impairment is a matter of proof. What constitutes a "reasonable effort," as is required by § 109(h), is not defined and is open to a case by case determination. Indeed, a debtor's physical impairment may be so severe as to wholly excuse the debtor from making any effort in obtaining the required service under the premise that the law will not require a futile act. *See generally In re San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 961 (1st Cir. 1993) ("The law does not require litigants to run fools' errands. Thus, a party who forgoes an obviously futile task will not ordinarily be held thereby to have waived substantial rights."). Also, § 109(h) requires that a debtor be able to "participate in an in person, telephone, or internet briefing." What constitutes "participation" is a value judgment, made with reference to the legislative history, which declares that participation in a financial management instructional course is central to the purpose behind the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act

of 2005. *Report of the Committee on the Judiciary, House of Representatives, to Accompany S. 256*, H.R. Rep. No. 109-31, Pt. 1, 109th Cong., 1st Sess. (2005) ("The bill also requires debtors, after they have filed for bankruptcy, to participate in financial management instructional courses so they can hopefully avoid future financial distress."). If a debtor cannot meaningfully participate in an instructional course on personal financial management due to a "disability," then the course will not aid the debtor in avoiding future financial distress, and the debtor's mere physical presence during a course serves no meaningful purpose.

In this case, the Debtor demonstrated a severe physical impairment. He is 81 years old, hearing impaired, limited to a scooter for mobility, and he suffers from serious health issues, including prostrate cancer. The Debtor is capable of mobility, however, as demonstrated by his visits to his attorney's office, his presence in the courtroom, and his attempt to complete his pre-petition, non-profit, budget and credit counseling requirement of § 109(h)(1). As instructed by the court at the June 13, 2006 hearing, the Debtor made a reasonable effort to complete the instructional course concerning personal financial management, but was unable to do so due to a combination of his limited mental capacity, hearing impairment, and other physical impairments. In short, the Debtor could not meaningfully participate in the course; thus, it is of no benefit to the Debtor in avoiding future financial distress.

### III. CONCLUSION

For the above-stated reasons, the court concludes that the Debtor cannot reasonably participate in the instructional course concerning personal financial management as required by 11 U.S.C. § 727(a)(11), and that he is entitled to an exemption from that requirement pursuant to § 109(h)(4).

The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021.